**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RAFAEL JEAN PETITPHAIT,

Petitioner,

v. No. 26-cv-1827-KWR-GJR

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

**ORDER OF DISMISSAL**

This matter is before the Court following Petitioner's failure to prosecute his *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner challenges his custody by Immigration and Customs Enforcement at the Otero County Processing Center in New Mexico and alleges he has not received proper due process in his immigration proceedings and seeks release from detention. (Doc. 1) at 6-7. By a Memorandum Opinion and Order entered July 22, 2026, the Court noted that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A) and directed Petitioner to file a response within twenty-one days showing cause, if any, why the Petition should not be summarily dismissed without prejudice. (Doc. 4). The Memorandum Opinion and Order warns that failure to timely comply may result in dismissal of this action without further notice. *See id*. at 3

The deadline to comply with the Memorandum Opinion and Order was August 12, 2026. Petitioner did not comply, show cause for such failure, or otherwise respond to the Order, which was returned as undeliverable. *See* (Doc. 5) (stating Petitioner has "Departed"). Accordingly, the Court will dismiss the Petition as moot and without prejudice pursuant to Fed. R. Civ. P. 41(b)

"for failure to prosecute [and] comply with [civil rules and] court orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding Section 2241 claims are generally moot after petitioner's release or removal). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to prosecute is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41(b)).

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED** without prejudice and as moot; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing this civil case.

**IT IS SO ORDERED**.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE